**Suchma v. Lasota**

---

C.P. of Allegheny County, Nos. GD 12-10229; 1932 WDA 2014

*Dwight D. Ferguson*, for plaintiffs.
*Douglas C. Lasota* and *Harlan Stone*, for defendants.

HERTZBERG, *J.*, Jan. 26, 2015—The parties in this dispute are next door neighbors residing at 26 and 24 John Street in Crafton Borough, Allegheny County, Pennsylvania. The dispute is over storm water drainage and a small flower garden. The non-jury trial of the dispute was held before me, and I thereafter ordered defendants David Lasota[1] and Carolyn Lasota ("Lasota" hereinafter) to remove a fence in the flower garden and abate water discharging from their shed on to the property of plaintiffs Kenneth Suchma and Janice Suchma ("Suchma" hereinafter). Suchma has appealed my ruling to the Superior Court of Pennsylvania because I did not also order Lasota to remove the rest of the flower garden. This opinion explains the reasons for my ruling. *See* Pa. R.A.P. No. 1925(a).

The flower garden that Suchma wants removed is located on an unpaved and unimproved portion of John Street, bordering the Lasota front yard, and near the Suchma property. A photograph of this garden (*see* trial exhibit D.1) shows it to consist of a wooden post and rail fence, small flower-producing plants and 12 decorative flat stones, covering an area of approximately 20 to 40 square feet. I ordered Lasota to remove the fence, but not

---

1. David Lasota died in March of 2014, which was after plaintiffs commenced these proceedings but before the trial.

the rest of the garden. Suchma wants Lasota to remove the rest of the flower garden because it allegedly interferes with Suchma's water line and with their use of the John Street public right-of-way.

John Street is a public street paved with asphalt wide enough for two lanes of vehicular travel to the point where it reaches the Suchma land, as Crafton Borough left John Street unopened at that point for over 21 years. *See* 8 Pa. C.S. §1724. Suchma or a prior owner paved a short portion of the unopened part of John Street approximately one lane in width, and Suchma uses this paved area for parking cars. The portion of John Street in front of Suchma's residence otherwise is unpaved.

An owner of land subject to an easement, including an easement for a right-of-way, may make any use of the easement that does not unreasonably interfere with the use and enjoyment of the easement. *Matakitis v. Woodmansee*, 446 Pa. Super. 433, 667 A.2d 228 (1995). Encroachment into the easement will be permitted unless there is significant interference with use of the easement. *Big Bass Lake Community Ass'n v. Warren*, 950 A.2d 1137, 1145 (Pa. Cmwlth. 2008) citing *Moyerman v. Glanzberg*, 391 Pa. 387 at 391, 138 A.2d 681 at 683 (1958).

At trial, Suchma's primary concern with the water line was that a fence post in the flower garden went 3 feet below the surface and very close to the water line. *See* Nonjury Transcript dated September 29, 2014 ("T." hereinafter), pp. 37-38 and 78-79. Since I ordered Lasota to remove the fence, this no longer can be Suchma's complaint.

While it appears that the line that supplies the Suchma residence with drinking water runs under the remaining flower garden, there was no testimony at the trial that this flower garden on the surface of the land unreasonably or significantly interfered with the use of the subsurface water line. In addition, the temporary nature of the flower garden poses no difficulty if excavation for a repair of the water line is needed in the future. Hence, assuming an easement exists for the water line, the flower garden does not unreasonably or significantly interfere with it. Therefore, there is no merit to the Suchma argument that the rest of the flower garden must be removed because it interferes with the water line.

Suchma also argues that there is no difference between the fence that had to be removed and the rest of flower garden that I allowed to remain. The difference, however, is that the fence significantly interferes with Suchma's use of the unpaved part of John Street for pedestrian ingress and egress, while the flower garden interference is minimal[2]. Clearly the small plants and flat, decorative rocks that make up the rest of the flower garden will not prevent pedestrian ingress and egress and pose less of an encroachment to the right-of-way than would weeds and underbrush that would otherwise grow there. Since the flower garden does not encroach on any paved portion of John Street, there is no interference whatsoever with the ingress or egress of cars. Hence, because the flower

2. Suchma's expert on municipal code compliance testified that the fence is not permitted in the right-of-way. *See* T., pp. 134-135. However, he provided no testimony relative to whether the remaining components of the flower garden also are not permitted.

garden does not significantly interfere with Suchma's use of the right-of-way, my decision to allow it to remain was correct[3].

---

3. Suchma's Concise Statement of Errors Complained of on appeal, at paragraph nos. 5 and 8, raises the additional issue that the flower garden prevents parking in the right-of-way. The amended complaint does not mention the parking issue, and at trial Suchma's counsel elected to withdraw a question and an exhibit concerning the topic. *See* T., pp. 49-50. Suchma has therefore waived the right to appeal as to the parking issue. Pa. R.C.P. No. 227.1(b)(1). In any event, this area cannot be used for parking primarily due to large trees planted by Janice Suchma's father. *See* T., pp. 46 and 79. The remaining components of the flower garden do not prevent parking.